**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LESLIE NICOLE BROWN, a single woman, and BOBBIE WALKER, a single woman,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CHANDLER and CITY OF CHANDLER POLICE DEPARTMENT; CITY OF PHOENIX and CITY OF PHOENIX POLICE DEPARTMENT; TIM CLICK AND JANE DOE CLICK, husband and wife; DAVID PILKINGTON AND JANE DOE PILKINGTON, husband and wife; JOHN AND JANE DOES I-X AND BLACK AND WHITE COMPANIES I-X.<br><br>Defendants. | No. CV 12-02632-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants City of Chandler, Click, and Pilkington's ("the Chandler Defendants") Motion to Dismiss Counts (Doc. 4) and Defendants City of Phoenix and Phoenix Police Department's (collectively "Phoenix") Motion to Dismiss parties (Doc. 6). Plaintiffs have filed a single Response to both motions to dismiss (Doc. 10). Phoenix has filed a Reply (Doc. 11).

## I. BACKGROUND

This case arises out of the events that occurred in the early morning hours of July 27, 2010. Plaintiff Brown was driving Plaintiff Walker's car in a residential neighborhood close to Plaintiff Brown's residence. Defendants Click and Pilkington are members of the Glendale Police department and were involved in an undercover police operation with the Chandler and Phoenix Police departments that erupted in gunfire and police officers began pursuing suspects fleeing the scene. (Doc. 1-1 at 3). Plaintiff Brown was pulled over and detained by Defendants Click and Pilkington on suspicion of being involved. Plaintiff Brown was eventually released and Plaintiff Walker's car was impounded and returned to Plaintiffs the next day.

On July 29, 2012, Plaintiffs filed the pending suit in State Superior Court making ten claims against Defendants, which included: (1) Count One against Defendant City of Phoenix for negligence; (2) Count Two against all other Defendants for negligence; (3) Count Three for negligent infliction of emotional distress; (4) Count Four for intentional infliction of emotional distress; (5) Count Five for false arrest and imprisonment; (6) Count Six for assault; (7) Count Seven for general allegations of civil rights violations under 42 U.S.C. § 1983; (8) Count Eight for failure to train and implement appropriate policies, customs, and practices under 42 U.S.C. § 1983; (9) Count Nine for use of excessive force under 42 U.S.C. § 1983; and (10) Count Ten for false arrest under 42 U.S.C. § 1983. (Doc. 1-1 at 2-14). The Defendants subsequently removed this case to the Federal District Court on December, 11, 2012. (Doc. 1).

On the same day, the Chandler Defendants filed their pending motion to dismiss. (Doc. 4). On December 14, 2012, Phoenix filed its pending motion to dismiss. (Doc. 6). Plaintiffs filed one Response to both motions to dismiss. (Doc. 10). Only Phoenix filed a Reply. (Doc. 11 at 2).

## II. ANALYSIS

### A. Chandler Defendants Motion to Dismiss (Doc. 4)

The Chandler Defendants have filed a motion to dismiss Counts Two through Six

for failure to state a claim. (Doc. 4). Plaintiffs have explicitly stated that "they do not currently oppose the Motions [to dismiss] filed by each of the Defendants." (Doc. 10 at 1). Plaintiffs' only request is that any dismissal of any claims or parties be without prejudice. (*Id.*). The Chandler Defendants have not filed a Reply in response to Plaintiffs' request. Accordingly, the Court grants the Chandler Defendants' motion to dismiss Counts Two through Six. This leaves Counts Seven through Ten still pending in this case against the Chandler Defendants.

### B. Phoenix's Motion to Dismiss (Doc. 6)

Phoenix has filed a motion to dismiss all claims against the City of Phoenix and the Phoenix Police Department. (Doc. 6). As with the Chandler Defendants' motion to dismiss, Plaintiffs do not oppose Phoenix's motion either. (Doc. 10 at 1). However, Plaintiffs' request, that any dismissal of claims or parties be without prejudice, is opposed by Phoenix in its Reply. Phoenix does not oppose dismissal without prejudice against the City of Phoenix. (Doc. 11 at 2). However, Phoenix requests that dismissal of the Phoenix Police Department be with prejudice because the Police Department is a non-jural entity not subject to suit in any form. (*Id.*).

The Court has held before that the Phoenix Police Department is a subpart of the City of Phoenix and not a separate entity for purposes of suit. *Gotbaum v. City of Phx.*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008). Consequently, the Phoenix Police Department will be dismissed from this case with prejudice.

//
//
//
//
//
//
//
//

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant City of Chandler, Defendants Click, and Defendants Pilkington's Motion to Dismiss Counts Two through Six (Doc. 4) is granted.

**IT IS FURTHER ORDERED** that Defendants City of Phoenix and the Phoenix Police Department's Motion to Dismiss (Doc. 6) is granted.  The City of Phoenix is dismissed without prejudice the Phoenix Police Department is dismissed with prejudice.

Dated this 24th day of June, 2013.

*James A. Teilborg*
Senior United States District Judge